IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKIE LEE SMITH, JR., § | | |
| Petitioner, § | | |
| § | | |
| v. § | | No. 3:17-cv-2373-D (BT) |
| § | | |
| LORIE DAVIS, *Director*, TDCJ-CID § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Rickie Smith, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss the petition for want of prosecution under Fed. R. Civ. P. 41(b).

I.

On September 13, 2017, the Court sent Petitioner a notice of deficiency because he failed to pay the filing fee or file a motion to proceed *in forma pauperis*. The deficiency notice informed Petitioner that failure to cure the deficiency within 30 days could result in a recommendation that this case be dismissed. Petitioner did not respond to the deficiency notice.

On March 28, 2018, the Court sent Petitioner a second deficiency notice reminding him that he still had not paid the filing fee, nor had he filed a proper request to proceed *in forma pauperis*. This second notice also informed

1

Petitioner that failure to cure the deficiency within 30 days could result in a recommendation that this case be dismissed. More than 30 days have passed since the second notice was mailed to Petitioner, and Petitioner has failed to respond to the deficiency order.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court has issued two deficiency notices to Petitioner advising him that he must pay the filing fee or file a motion to proceed *in forma pauperis*. Both notices have been ignored. This litigation cannot proceed until Petitioner complies with the Court's order and either pays the filing fee or files a motion to proceed *in forma pauperis*. Because Petitioner has failed to prosecute this action, his petition for writ of habeas corpus should be dismissed.

## III.

The petition for writ of habeas corpus should be DISMISSED without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed June 27, 2018.

                                      _____
                                      REBECCA RUTHERFORD
                                      UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

      The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).